UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**METROPOLITAN LIFE INSURANCE CO.**          CIVIL ACTION NO. 14-0047

**VERSUS**                                   JUDGE WALTER

**DARNELL LINNEAR, ET AL.**                  MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to award attorney's fees and costs, [doc. # 11], filed by Plaintiff-in-Interpleader Metropolitan Life Insurance Co. ("Metropolitan").[1] Defendants-in-Interpleader do not oppose the Motion. For reasons explained below, it is recommended that Motion be **GRANTED**.

<u>Background</u>

This Rule 22 interpleader action concerns conflicting claims to life insurance proceeds from a policy insuring Gregory D. Linnear ("Decedent"). [doc. # 1]. On January 10, 2014, Metropolitan, the stakeholder, brought this suit against Defendant-in-Interpleader Darnell Linnear, who asserted a claim to the insurance proceeds as Decedent's spouse, Defendant-in-Interpleader Maldra Edwards, who asserted a claim to the proceeds as Decedent's aunt, and Defendant-in-Interpleader Mortician's Choice, who asserted a claim to the proceeds as the funeral home employed upon Decedent's death.[2] *Id.*

Metropolitan filed the instant Motion on June 10, 2014, seeking an award of attorney's

---

[1] Metropolitan also seeks an order of dismissal with prejudice and permission to deposit life insurance benefits into the Court's registry. [doc. # 11]. The Court addresses these requests in a separate order issuing simultaneously with the instant Report and Recommendation.

[2] On March 18, 2014, upon stipulation of Plaintiff-in-Interpleader and Defendant-in-Interpleader Mortician's Choice, the Court dismissed the interpleader action against Mortician's Choice. [doc. # 10].

fees and costs in connection with instituting the instant interpleader action and defending a separate, related action instituted by Defendant-in-Interpleader Darnell Linnear. [doc. # 11]. Metropolitan seeks $4,766.60 in estimated attorney's fees and $1,084.30 in estimated costs.

The matter is now before the Court.

## Analysis

"A district court has the authority to award reasonable attorney's fees in interpleader actions. The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (citations omitted). Courts consider the following factors in determining whether to award fees and costs to an interpleader-plaintiff:

> (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings.

*Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (unpubl.) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001).

Considering the foregoing criteria, as well as the lack of opposition to the instant Motion, the Court finds that Metropolitan is entitled to reimbursement for its costs and fees incurred. However, equity does not support awarding the entire $5,850.90 sum that Metropolitan claims. The Court declines to award any fees or expenses that Metropolitan incurred from defending the prior suit that Darnell Linnear filed against it because Metropolitan does not provide any

statutory or other basis for doing so. Thus, the Court will only reimburse Metropolitan for fees and expenses it incurred in connection with the instant interpleader action.

Counsel for Metropolitan, a partner with Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards, submits an affidavit averring that he billed Metropolitan for 11.9 hours of work performed in connection with the instant action. [doc. #s 18, p. 2; 18-1]. He avers that he charged $144.00/hour, which amounts to $1,713.60 in attorney's fees. Counsel also avers that he billed Metropolitan $465.10 for general expenses and court costs. *Id.* In support, counsel presents an itemized statement detailing services rendered and expenses incurred. [doc. # 18-1].

Ordinarily, the starting point for settling upon a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The product of this calculation is commonly referred to as the "lodestar" amount. *Farrar v. Hobby*, 506 U.S. 103, 118 (1992). Although "more than a mere 'rough guess' or initial approximation of the final award to [be] made,"[3] the lodestar amount is not *per se* dispositive. *See Hensley, supra*. After computing the lodestar amount, the court must determine whether the amount should be adjusted in light of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).[4] However, many of

---

[3] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citation omitted).

[4] The 12 *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

the *Johnson* considerations are subsumed within the initial calculation of the lodestar amount. *See Hensley*, *supra*.

Here, the undersigned finds that Metropolitan's claimed fees, $1,713.60, are based upon a reasonable rate and number of hours expended. Further, after considering the *Johnson* factors, as well as the lack of opposition, the Court does not find that the $1,713.60 sum should be adjusted. Thus, the undersigned finds that Metropolitan's claimed fees and costs totaling $2,178.70 represent a just, equitable, and reasonable sum for the work performed and the fees incurred in connection with the instant action.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Motion to award attorney's fees and costs, [doc. # 11], filed by Plaintiff-in-Interpleader Metropolitan Life Insurance Co. be **GRANTED**, and that Plaintiff-in-Interpleader be awarded fees and costs totaling $2,178.70.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 21st day of July, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE